**Joe E. McGEE b/n/f Joe R. McGee, Plaintiff-Appellant,**

v.

**COUNTY OF WILSON et al., Defendant-Appellee.**

Court of Appeals of Tennessee, Middle Section.

Oct. 27, 1978.

Gary D. Copas, Lebanon, for plaintiff-appellant.

Richard D. Taylor, Nashville, for defendant-appellee.

## OPINION

TODD, Judge.

The plaintiff, Joe E. McGee, has appealed from a summary judgment dismissing his suit against the defendant, County of Wilson, for alleged wrongful acts of a deputy sheriff of said county.

On March 4, 1977, plaintiff filed his complaint against County of Wilson, Jerry D. Lee, Sr., a deputy sheriff and United States Fidelity and Guaranty Company, surety upon Lee's official bond.

The complaint alleged that, on March 5, 1976, defendant Lee falsely arrested plaintiff without probable cause, warrant or other lawful grounds, and did unlawfully imprison plaintiff in a jail cell; that, after being detained several hours, plaintiff was released by Lee; and that Lee unlawfully caused to be published certain information concerning plaintiff.

On December 3, 1977, the Trial Judge entered the following order:

"Upon application by the Plaintiff to non-suit *with prejudice* the Defendant, United States Fidelity & Guaranty Company, in the above-captioned case, and it appearing to the Court that said Defendant has withdrawn its motion heretofore filed for judgment on the pleadings, and that said Defendant would not be prejudiced by such voluntary non-suit;

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the De-

fendant, United States Fidelity & Guaranty Company, is hereby dismissed from the above-styled case *with prejudice* thereby relieving and discharging said Defendant from any liability to the Plaintiff, Joe E. McGee, and to his next friend and father, Joe R. McGee, resulting from the occurrences and causes of action giving rise to this litigation, with costs taxed against the Plaintiff." (Emphasis supplied)

On the same date, a "judgment" was entered approving a compromise settlement of the liability of Jerry D. Lee, Sr., awarding judgment in favor of plaintiff and against Jerry D. Lee, Sr., for $1,000.00 and providing:

"3. The defendant, Jerry D. Lee, Sr., shall pay the judgment of $1,000.00 to the Clerk of this Court and *upon such payment* is hereby relieved and discharged from any further liability to the plaintiff, Joe E. McGee, and to his next friend and father, Joe R. McGee, resulting from the occurrences and causes of action giving rise to this litigation." (Emphasis supplied)

As supplemented, the record in this cause contains a certified copy of the execution docket of the Trial Clerk evidencing payment of the $1,000.00 mentioned in the above quoted judgment.

On September 19, 1978, the defendant, County of Wilson, filed a motion for summary judgment based upon the proposition that the plaintiff's release of the alleged wrongdoer, Jerry D. Lee, Sr., was an effective release of any vicarious or derivative liability of the defendant county for the wrongdoing of Lee.

As stated, the Trial Judge sustained the motion and dismissed the county; and plaintiffs have appealed.

There are two assignments of error, each of which complains of the Trial Judge's finding of a relationship of master and servant between the county and Jerry D. Lee, Sr. and/or that the doctrine of respondeat superior was applicable to the relationship.

Appellant appears to concede the general rule that release of a servant for his tort will release his master from derivative liability for the same tort. *Stewart v. Craig*, 208 Tenn. 212, 344 S.W.2d 761 (1960) and authorities cited therein.

Appellant insists that T.C.A. § 8–833 basically contemplates a direct action against the county citing *Grundy County v. Dyer*, Tenn.1977, 546 S.W.2d 577. Said authority does hold that an action may be instituted directly against the county without the joinder of the actual wrongdoer; but this is of no assistance in the present case. It has long been the general law that superiors may be sued for derivative liability without joinder of the actual wrongdoer. Neither the statute nor the cited case changed the general law. The rule was simply made applicable to counties.

The question in the present case is whether plaintiffs have the right to proceed against the county after releasing the actual, active, guilty wrongdoer.

Appellant next insists that Jerry D. Lee, Sr., was not an employee or servant of the county because the usual incidents of an employer employee relationship did not exist (hiring, firing, direction of activities).

It is true, as insisted by appellant, that determination of the existence of an employer-employee relationship *as a matter of fact* depends upon proof of existence of the necessary indicia of relationship. However, this is not determinative in the present case because such relationship has been *imposed by law* to the extent of liability of the county for the acts of Lee. Thus, for purposes of this suit the relationship is established as a matter of law by T.C.A. § 8–333, and the usual indicia need not be existent.

Moreover, appellant takes too narrow a view of the doctrine of vicarious or derivative liability for the tort of another. There are numerous relationships other than master and servant which subject a perfectly innocent party to liability for the wrongful act of another. Among these are indemnity agreements, principal and agent,

and others. In each such instance, the innocent party who is required to pay for the acts of the wrongdoer is entitled to reimbursement.

In *Carter v. E. T. & W. N. C. Transp. Co.*, 35 Tenn.App. 196, 243 S.W.2d 505 (1951), Carter was a subcontractor hauling freight for the transportation company which had been required to pay damages to a third party resulting from negligence of Carter. This Court affirmed a decree requiring Carter to reimburse the transportation company and said:

"[3] In the Restatement of the Law 'Restitution', beginning at page 331, it is said: 'Sec. 76. A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct.' "

In 83 C.J.S. Subrogation § 16 p. 616, it is stated that:

"As a general rule, any person who, pursuant to a legal obligation to do so, has paid, even indirectly, for a loss or injury resulting from the wrong or default of another will be subrogated to the rights of the creditor or injured person against the wrongdoer or defaulter, . .

Where recovery is obtained against a master under the theory of respondeat superior for the tort or negligence of his servant, the master is subrogated to the rights of the injured person against the servant; and, where recovery is obtained against the owner of a motor vehicle for injury caused by its negligent operation, the owner is subrogated to the rights of the injured person against the operator of the vehicle. Similarly, where a municipality is compelled to pay compensation for an injury caused by the negligence of the owner of property abutting on a public street, it will be subrogated to the rights of the injured person against the property owner."

Since the rights of the subrogee (the person held liable) would be identical to the rights of the subrogor (the injured person), the subrogee would have no right of subrogation if the injured party had released his rights against the wrongdoer.

In the present case, the injured parties have released and discharged their rights against the wrongdoer, Jerry D. Lee, Sr. Thereby plaintiffs have destroyed the rights of county to recover from Lee any amount paid by the county to plaintiffs.

It would be unjust, inequitable and wrong to permit plaintiffs to recover from the county after destroying the county's right to reimbursement from the wrongdoer.

This is doubtless the foundation of the rule that release of employee is a release of an innocent employer, but the rule is broader. It includes *all* situations in which an injured party seeks recovery from an innocent defendant solely on the basis of vicarious or derivative responsibility.

Thus, regardless of whether Lee was an employee of the county in every sense of the word, plaintiffs seek to hold the county liable because it is legally liable for the wrongdoing of Lee. Having released Lee and thereby destroyed the right of the county to subrogation against Lee, plaintiffs cannot recover from the county.

The judgment of the Trial Judge is affirmed. Costs of this appeal are taxed against appellant.

Affirmed.

SHRIVER, P. J., and LEWIS, J., concur.