IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

_____

WILLIAM KENNETH SIMS and
wife EDNA W. SIMS,

    Plaintiffs-Appellees,

Vs.

Gibson Circuit No. 7177
C.A. No. W1998-00560-COA-R3-CV

EDDIE STEWART, JR. and
TENNESSEE FARMERS MUTUAL
INSURANCE COMPANY,

    Defendants-Appellants.

FILED

December 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

FROM THE GIBSON COUNTY CIRCUIT COURT
THE HONORABLE DICK JERMAN, JR., JUDGE

T. J. Emison, Jr., of Alamo
For Plaintiffs-Appellees

Wesley A. Clayton, Greg A. Petrinjak;
Waldrop & Hall, P.A., of Jackson
For Appellant, Tennessee Farmers Mutual Insurance Company

*AFFIRMED AS MODIFIED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**HOLLY KIRBY LILLARD, JUDGE**

This case, which is before us a second time, involves a dispute concerning the amount

due under an uninsured/underinsured motorist insurance policy. Defendant/Appellant, Tennessee Farmers Mutual Insurance Company, appeals the order of the trial court awarding $198,046.43 in damages to the Plaintiff/Appellee, Kenneth Sims, and directing defendant to pay plaintiff the sum of $61,862.57($100,000 policy limit minus $38,137.43 previously paid in partial satisfaction of judgment.)

The circumstances leading to this appeal are set out in *Sims v. Stewart*, 973 S.W.2d 597 (Tenn. App.1998); therefore, a brief recitation of the facts will suffice. Kenneth Sims, while engaged in the scope of his employment as a Deputy Sheriff, was injured when he was struck by a car driven by Eddie Stewart. Sims's complaint against Stewart sought $250,000.00 in damages. Tennessee Farmers, the plaintiff's uninsured motorist carrier, was named as a defendant and served with a copy of the complaint. Tennessee Farmers's answer asserted policy limits of $100,000.00 per person and pled as a defense that it was entitled to a credit or reduction of payment for any workers compensation benefits paid to plaintiff pursuant to the provision of the Tennessee Farmers's policy with plaintiff. The workers compensation insurer for Sims's employer paid benefits totaling $61,862.57.

Stewart's liability carrier paid its coverage limit of $25,000.00 in settlement. The parties stipulated, among other things, that Stewart would be released, the workers compensation carrier would accept in full settlement of its subrogation claim the $25,000.00 paid by Stewart's carrier, and that Tennessee Farmers would pay its limits of uninsured motorist coverage less proper credit for the workers compensation payment.

The issue for review in the first appeal was whether Tennessee Farmers should have a credit for the total amount of the workers compensation benefits paid, or whether its credit should be the amount of the workers compensation payments made, less the $25,000.00 received by the workers compensation carrier. This Court concluded that Tennessee Farmers was entitled to receive credit for the entire amount paid by the workers compensation carrier, but that under the terms of the policy, the workers compensation benefits reduced the amount of damages payable to the insured under the underinsured motorist coverage. Since the trial court did not consider or make any finding as to the damages, this Court remanded the case to the trial court in order to determine damages and, thus, reach a decision regarding the amount due the insured under the underinsured motorist coverage.

Upon remand, the trial court, after an evidentiary hearing, found plaintiff's damages to be $198,046.43. The Court further found that the amount of workers compensation benefits paid to or on behalf of the plaintiff was $61,862.57. The Court then subtracted $61,862.57 from the total damage award of $198,046.43 and found that the resulting amount exceeded Tennessee Farmers's policy limits of $100,000.00. Therefore, the Court found that Tennessee Farmers would be responsible for paying a total judgment equal to its limits of $100,000.00.

Tennessee Farmers appeals the trial courts ruling and in its brief asks this Court to consider three issues: (1) whether the trial court erred in its application of Tennessee law regarding the workers compensation offset provision contained in the Tennessee Farmers's policy (2) whether the trial court erred in failing to properly apply stipulations entered into prior to this trial and (3) whether the trial court's finding of damages totaling $198,046.43 is supported by a preponderance of the evidence.

Plaintiff asserts that the first two issues were resolved in the first appeal, and pursuant to the ruling of this Court, is the law of the case. While we agree with plaintiff's analysis of the law of the case doctrine, we do not agree that it applies as argued by plaintiff. This Court determined on the first appeal that the reduction for workers compensation benefits is applied to damages and not to the coverage limit. The Court felt that a determination of damages was essential considering the provisions of the insurance policy. The insurance company's obligation is premised upon damages, and it states:

> We will pay only compensatory damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle. . . .

Thus, to determine an obligation on the part of Tennessee Farmers to pay under its policy, there must be a finding that the Tennessee Farmers's insured is legally entitled to recover damages. Under the policy, Tennessee Farmers's payment responsibility is determined by the amount of damages assessed, either by way of settlement or by court award. In the instant case, the trial court assessed damages at more than the policy limit of $100,000.00, and after deducting the workers compensation benefits paid in the amount of $61,862.57, the Court concluded that Tennessee Farmers was obligated to pay the policy limits of $100,000.00. Therefore, we must determine if the trial court's conclusion is consistent with the policy provisions that govern the amount to be paid by Tennessee Farmers.

3

In construing contracts, the words expressing the parties' intentions should be given the usual, natural, and ordinary meaning, and in the absence of fraud or mistake, a contract must be interpreted and enforced as written, even though it contains terms that may be thought harsh and unjust. *Ballard v. North American Life & Casualty Co.*, 667 S.W.2d 79, 82 (Tenn. App. 1983).

In *Blaylock & Brown Construction, Inc. v. AIU Insurance Co.*, 796 S.W.2d 146 (Tenn. App.1990), this Court discussed the interpretation of insurance contracts:

> Insurance contracts like other contracts should be construed so as to give effect to the intention and express language of the parties. (citations omitted). In construing and applying insurance policies, the apparent object and intent of the parties must be kept in mind. (citations omitted). Language in a contract which happens to be technical or complex to the layman, does not render it ambiguous, (citations omitted) and where there is no ambiguity it is the duty of the court to apply to the words used their usual, natural and ordinary meaning. (citations omitted). The court cannot, under the guise of construction, make a new and different contract for the parties. (citations omitted).

Id. at 149.

The interpretation of a written instrument is a question of law. *Provident Washington Ins. Co. v. Reese*, 213 Tenn. 355, 373 S.W.2d 613 (1963).

Tennessee Farmers' Uninsured Motorist policy, which is at issue in this case, contains the following, relevant language:

> Our *limit of liability* for this Uninsured Motorist Coverage shall be reduced by the sum of the limits payable under all liability and/or primary uninsured motorist insurance policies, bonds, and securities applicable to the bodily injury or death of the covered person.
>
> *Damages payable under this coverage* to or for a covered person shall be reduced by:
>
> 1. the amount paid under the Liability and Medical Payments Coverages of this policy or any other automobile insurance policy;
>
> 2. the amount paid or payable under any workers' compensation law, disability benefits law or any similar law;
>
> 3. a payment made by or on behalf of the owner or operator of the uninsured motor vehicle, or by or on behalf of the person or entity who may be legally liable.

(Emphasis added).

Tennessee Farmers asserts that the trial court erred in finding as a matter of law that the total damages should be reduced by the workers compensation benefits. Tennessee Farmers

4

argues that the policy language, "damages payable under this coverage," limits any payments by Tennessee Farmers to the $100,000 policy limit.

Although this precise language has not been interpreted by our Court, similar policy provisions with essentially the same meaning have been considered. In ***Hudson v. Hudson Municipal Contractor***, 898 S.W.2d 187 (Tenn. 1995), our Supreme Court had before it the issue of "whether the workers compensation insurance carrier is entitled to an award against the proceeds of a settlement between the worker's personal representative and the uninsured motorist insurer." ***Id.*** at 189. In reaching its conclusion that the workers compensation carrier is not entitled to the award, the Court discussed the reduction provision of the insurance policy involved. The policy stated:

> ***Limits of Liability***. Regardless of the number of insureds under this policy, the company's liability is limited as follows:
>
> (a) . . .
>
> (b) Any amount payable under the terms of this insurance because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by . . . the amount paid and the present value of all amounts payable on account of such bodily injury under any workers' compensation law, disability benefits law or any similar law.

***Id.*** at 188.

In reaching its decision, the Court discussed two cases - ***Terry v. Aetna Casualty & Sur. Co.***, 510 S.W.2d 509 (Tenn. 1974) and ***Dwight v. Tennessee Farmers Mut. Ins. Co.***, 701 S.W.2d 621 (Tenn. App. 1985). In ***Terry***, the worker, in the course and scope of his employment, was killed, and workers compensation benefits were paid. The worker had uninsured motorist coverage with Aetna which contained an offset provision identical to the provision in the ***Hudson*** case. Workers compensation benefits in the amount of $10,080.26 were paid. As a result of the accident, the widow of the deceased worker recovered a judgment against the uninsured motorist in the amount of $100,000.00. The widow sued Aetna to recover the $10,000.00 uninsured motorist coverage. The Court held that since the workers compensation carrier had paid $10,080.26, and the policy limit for recovery under the uninsured motorist policy was $10,000.00, the insured had already received more than $10,000.00 paid under the workers compensation law and was therefore entitled to nothing. The Supreme Court, in discussing the case in ***Hudson***, referred to the fact that the ***Terry*** Court held that the "insured's

**right of recovery**" against the uninsured motorist carrier was reduced by the amount that had been received under the workers compensation law. 898 S.W.2d at 189. (Emphasis added). The "right of recovery" seems to refer to the damages recoverable under the policy. The **Hudson** Court considered the setoff provision in **Dwight** as identical to the provision in the **Hudson** case. The Supreme Court *referring to* the **Dwight** case, stated:

> The Court of Appeals held that the insured's right to recover under the uninsured motorist policy was reduced by the amount the insured could have recovered under the Workers' Compensation Law.

898 S.W.2d at 189. Significantly, the Supreme Court, in discussing this case, used the term "right to recover" indicating once again that the term is analogous to damages recoverable.

Courts in other jurisdictions have reached different results. Some courts have held that under a policy provision reducing the amount due under an uninsured and underinsured policy by the amount of workers compensation benefits paid, the setoff is against the total amount of damages awarded, rather than against a damage award within the policy coverage. *See American Ins. Co. v. Tutt*, 314 A.2d 481 (Dist. Col. App. 1974); *McClure v. Northland Ins. Co.*, 424 N.W.2d 448 (Iowa 1988); *Kilner v. State Farm Mut. & Auto Ins. Co.*, 252 Kansas 675, 847 P.2d 1292 (1993). Other courts have held that the reduction was to be set off against the amount due as damages payable under the policy rather than against the total damages. *See Edmundson v. Commercial Union Ins. Co.*, 249 Ark. 350, 459 S.W.2d 112 (1970); *Jarrett v. Allstate Ins. Co.*, 409 Cal. App. 2d 804, 26 Cal.Rptr. 231 (1962); *State Farm Mut. Auto Ins. Co. v. Murphy*, 263 Ill. App. 3d 100, 100 Ill. Dec. 190, 635 N.E.2d 533 (1994).

In *Hudson,* our Supreme Court in its interpretation of *Terry* and *Dwight* stated:

> Under the holdings in *Terry v. Aetna Casualty & Sur. Co.* and *Dwight v. Tennessee Farmers Mut. Ins. Co.*, it is clear that an insured party's *right to recover* under an uninsured motorist policy that contains a setoff provision such as the one involved in this case may be reduced by the amount that the insured has collected, or could collect, under the Workers' Compensation Law.

898 S.W.2d at 189 (emphasis added).

It is our opinion that the "right to recover" referred to by the Supreme Court in *Hudson* is based upon the policy language which declares that the insurance company will pay to the insured such sums as the insured is legally entitled to recover from the uninsured motorist.

Considering this policy provision together with the policy provision that "damages payable under this coverage . . . shall be reduced" causes us to conclude that "damages payable under this coverage" is limited to the maximum of $100,000.00. Thus, Stewart's recovery in the instant case, or the "right to recovery," as referred to by the Supreme Court in *Hudson*, is $100,000.00, less the workers compensation benefits paid.

Tennessee Farmers's last issue on appeal is whether the trial court's finding of damages totaling $198,046.43 is supported by a preponderance of the evidence. Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

The trial court found that Sims should recover damages as follows: Medical bills, $30,046.43; for pain and suffering, past and future, $127,000; for permanent disability to his left leg $41,000.00; a total of $198,046.43. Considering the entire body of proof, we cannot say that the evidence preponderates against the trial court's award. Sims sustained compound fractures of his left tibia and fibula, lacerations to his head and avulsion of his fingernails. As a result of the accident, Sims walked on crutches for almost a year, missed approximately eight months of work, and upon his return to work, worked on light duty for six months. Sims has undergone three surgeries on his leg. The first plate and screws that were placed in his leg were unsuccessful and had to be removed. Subsequently, he had a bone graft from his hip and now has a metal rod in his tibia. Further, the orthopedic surgeon testified that Mr. Sims has a 10% impairment to his left leg. Based on the foregoing, we conclude that the evidence does not preponderate against the findings of the trial court. T.R.A.P. 13(d).

Therefore, the judgment of the trial court is modified to award damages against Tennessee Farmers in the amount of $100,000.00 to be reduced by the sum of $61,862.57 for the workers compensation benefits paid. Tennessee Farmers is to be given credit for any amounts heretofore paid in partial satisfaction of the judgment. Costs of the appeal are assessed one-half to appellant and one-half to appellee. The case is remanded to the trial court for such further proceedings as may be necessary.

**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____

**ALAN E. HIGHERS, JUDGE**

_____

**HOLLY KIRBY LILLARD, JUDGE**