# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
January 5, 2010 Session

## EDUARDO SANTANDER, Plaintiff-Appellee, AMERICAN HOME ASSURANCE CO., Intervenor-Appellant, v. OSCAR R. LOPEZ, Defendant

### Appeal from the Circuit Court for Rutherford County
### No. 54917    Hon. J. Mark Rogers, Judge

### No. M2009-01210-COA-R3-CV - Filed March 24, 2010

Plaintiff was involved in a motor vehicle accident during the course and scope of his employment.  Plaintiff brought a tort action against the driver of the other vehicle, and subsequently entered into a settlement with his employer and the workers' compensation carrier.  Plaintiff then reached a settlement in the tort case, but before Judgment was entered his employer filed a Petition to Intervene in that case, asserting a subrogation lien on the tort recovery.  The Trial Judge refused to allow intervention on the grounds that the Petition to Intervene was not timely filed.  On appeal, we reverse and remand.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., J., and ANDY D. BENNETT, J., joined.

David M. Rich, Nashville, Tennessee, for Plaintiff-Appellant, American Home Assurance Company.

R. Steven Waldron, Murfreesboro, Tennessee, for the Plaintiff-Appellee, Eduardo Santander.

# OPINION

## Background

Plaintiff/appellee Eduardo Santander filed this suit against defendant Oscar R. Lopez and unnamed defendant Scottsdale Insurance Company (Scottsdale) on January 31, 2007. The Complaint alleged that plaintiff had sustained bodily injury in a motor vehicle accident caused by defendant on or about April, 30, 2006. At the time, plaintiff averred he was in the course and scope of his employment with Mike Brooks D/B/A Helm CATV Service (Helm).

A default judgment was entered against Lopez and National Casualty Company (National) on June 19, 2007. National filed a motion to set aside the default judgement on July 24, 2007 and tendered an answer the same day, denying that it had provided uninsured/underinsured (UM/UIM) coverage for the vehicle involved in the accident. On November 13, 2007 the Trial Court set aside the default judgment against National.

During the pendency of the tort action against Lopez and unnamed defendant Scottsdale, Santander commenced a workers' compensation action against his employer in connection with the same accident of April 30, 2006. This action was filed on October 10, 2007 for indemnity and medical benefits under the Tennessee Workmen's Compensation Act, Tenn. Code Ann. 50-6-101 *et seq.* The complaint alleged that he was injured in the accident while in the course and scope of his employment with Helm CATV.

On April 23, 2008 unnamed defendants, National and Scottsdale, filed a joint motion for summary judgment wherein National claimed that it had provided no coverage to Mr. Santander and Scottsdale stated that its policy issued to Helm provided no UM/UIM coverage as such coverage had been waived by the insured pursuant to Tennessee law. In support of Scottsdale's motion, Mike Brooks, owner of Helm provided an affidavit stating that he had rejected UM/UIM coverage. Plaintiff/appellee filed a response to the motion for summary judgment in which he opposed the granting of summary judgment in favor of Scottsdale but did not object to the dismissal of National. Essentially, plaintiff's opposition to Scottsdale's motion rested on ambiguities in the form that Scottsdale and Brooks maintained demonstrated that Brooks had waived UM/UIM coverage. Plaintiff argued that the Court should give effect to the express language and intent expressed in the form and not consider any parol evidence (such as the Brooks affidavit) that sought to alter the obvious terms of the form or to explain it to any extent.

On October 2, 2008 the Trial Court entered an order granting summary judgment in

favor of National but denied Scottsdale's motion. In rejecting Scottsdale's position that Brooks had waived the UM/UIM coverage afforded by the policy because both the design of the form and its language appeared to be "patently ambiguous" on its face, the Trial Court agreed with plaintiff's argument that because of the obvious "patent" ambiguity parole evidence could not be introduced, citing *Coble Systems, Inc. v. Gifford Co.*, 627 S. W. 2d 359, 361 (Tenn. Ct. App. 1981). In conclusion, the Trial Court stated that "since it is not clear whether or not the uninsured motorist coverage was lawfully rejected, summary judgment is not appropriate on that issue."

In late October or early November, Helm and Mr. Santander agreed to settle the workers' compensation suit for indemnity and medical benefits and on November 5, 2008 counsel for Helm /American Home Assurance Company, the workers' compensation insurancer carrier, sent a letter to counsel for plaintiff advising of Helm/AHAC's subrogation lien interest in the pending suit.[1]

On December 3, 2008, the Circuit Court of Rutherford County entered a final order approving the workers' compensation settlement. On December 18, 2008, Scottsdale filed a motion to continue the trial that had been set for February 10, 2009 and to bifurcate the underlying tort liability suit against Lopez from any and all uninsured/underinsured motorist coverage issues. In this motion, Scottsdale noted that in the event plaintiff prevailed against Scottsdale at trial, Scottsdale would be entitled to an offset and credit for any workers' compensation benefits paid to plaintiff, pursuant to the terms of the policy at issue. Scottsdale further stated that " . . . Plaintiff has apparently not concluded his workers' compensation claim, or at least if he has, he has not notified this Defendant of same. (The Plaintiff has previously been requested to notify this Defendant as to when the workers' compensation claim is concluded**,) because until then, this case involving UM/UIM benefits cannot go forward**." (emphasis supplied). On the same day, December 18, 2008, Scottsdale filed a motion to amend its answer wherein it raised as a defense that the insured had waived UM/UIM coverage. Specifically Scottsdale stated that "the Contract should be subject to reformation so as to reflect the clear intent of the parties (the buyer and seller of the insurance policy) which was to waive the uninsured/underinsured motorist coverage herein."Plaintiff objected to Scottsdale's motion to amend the answer on December 23, 2008.

On February 9, 2008 plaintiff's counsel notified counsel for Helm/AHAC by letter that a settlement had been reached in the tort action between Scottsdale and plaintiff "late in 2008". The letter went on to provide both case law and statutory authority as to why plaintiff was taking the position that because Scottsdale was entitled to a credit or setoff for all sums

---

[1]The letter is not in the record. However, appellee has not disputed the existence or content of the letter.

paid by the workers' compensation carrier, AHAC should waive any lien or claim it may have against the funds of the settlement with Scottsdale.

Counsel for plaintiff then asked counsel for Helm/AHAC to provide a written acknowledgment that AHAC had no claim to the recovery plaintiff had received from Scottsdale. Although plaintiff asserted that a settlement had been reached with Scottsdale in "late 2008", there is no indication of this settlement in the record in the way of an approval of the settlement by the Court or a final order.

On February 11, 2009, counsel for Helm/AHAC notified plaintiff's counsel that Helm/AHAC would be asserting its subrogation rights under Tenn. Code Ann. § 50-6-112. Helm/AHAC filed its motion to intervene on February 17, 2009 pursuant to Tenn. R. Civ. P. 24 and Tenn. Code Ann. § 50-6-112. Tenn. R. Civ. P. 24.01 provides for intervention as of right as follows:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties; or (3) by stipulation of all the parties.

Tenn. R. Civ. P. 24.02 provides for permissive intervention:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising discretion the court shall consider whether or not the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Tenn. Code Ann. § 50-6-112 is part of the Tennessee Workers' Compensation law, Tenn. Code Ann. § 50-6-101 *et seq.* and provides in pertinent parts:

> (a) When the injury or death for which compensation is payable under this chapter was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured worker, or the injured worker's dependents, shall have the right to take compensation under this chapter, and the injured worker, or those to whom the injured worker's right of action survives at law,

may pursue the injured worker's or their remedy by proper action in a court of competent jurisdiction against the other person.

(c)(1) In the event of a recovery against the third person by the worker, or by those to whom the worker's right of action survives, by judgment, settlement or otherwise, and the employer's maximum liability for workers' compensation under this chapter has been fully or partially paid and discharged, the employer shall have a subrogation lien against the recovery, **and the employer may intervene in any action to protect and enforce the lien**.

(3) In the event the worker, or those to whom the worker's right of action survives, effects a recovery, and collection of that recovery, from the other person, by judgment, settlement or otherwise, without intervention by the employer, the employer shall nevertheless be entitled to a credit on the employer's future liability for workers' compensation, as it accrues under this chapter, to the extent of the net recovery. (Emphasis supplied).

Tenn. Code Ann. § 50-6-112(a) and (c)(1) and (c)(3).

Plaintiff opposed Helm/AHAC's motion to intervene based on its contention that Helm/AHAC had no subrogation rights to the settlement funds offered to plaintiff by Scottsdale based on the provisions of the Scottsdale policy and the Tennessee Supreme Court's holding in *Hudson v. Hudson Municipal Contractors, Inc.*, 898 S. W. 2d 187 (Tenn. 1995). Plaintiff also raised objections to the intervention under the timeliness requirement of both Tenn. R. Civ. P. 24.01 and 24.02. Scottsdale similarly opposed AHAC's motion to intervene on February 26, 2009.

At a hearing on February 27, 2009 the Trial Judge entered an order denying AHAC's motion to intervene with the following findings:

1.  The accident that gave rise both to the workers' compensation and personal injury/UM claims occurred on April 30, 2006;
2.  On December 3, 2008, an Order was entered . . . approving a settlement reached in Plaintiff's workers' compensation.
3.  Movant [Helm/AHAC] took no action to assert any rights it might have in the instant case until the Motion to Intervene was filed on February 17, 2009, except for a letter from the Honorable David M. Rich [counsel for Helm/AHAC] to Plaintiff's counsel advising of a proposed worker's compensation subrogation interest, and in which Plaintiff's counsel was requested to protect any subrogation interest of the comp carrier.

4.  The Complaint in this case was filed on January 31, 2007. Service was obtained on the named Defendant, Oscar Lopez, by hand delivery to his cousin, Rosario Garcia, on April 4, 2007. Service was then accomplished on the unnamed Defendant [Scottsdale] and/or a related company on a timely basis.

5.  The unnamed Defendant filed a Motion for Summary Judgment that was heard and denied on September 11, 2008.

6.  The case was docketed for trial on February 10 and 11, 2009.

7.  Late in December of 2008, Plaintiff and the unnamed Defendant reached a settlement.

8.  The settlement reached by Plaintiff and unnamed Defendant, Scottsdale Insurance Company, was never concluded by approval of the Court or the entry of a final Order.

9.  The Court finds that the Motion to Intervene is untimely pursuant to Rule 24.01 and 24.02, and further that to allow the intervention would unduly delay the conclusion of this matter and cause prejudice to Plaintiff and the unnamed Defendant in that they have reached an agreement to settle this matter without incurring additional expense or time expenditure without Movant having taken any formal action to protect or assert its claim.

In addition to ruling that the intervention was untimely, the Trial Court observed at the hearing that he would urge a workers' compensation carrier to intervene early in the course of litigation of a tort case filed by the employee against a third party even though intervention is clearly not required under the workers' compensation statute. Significant to this appeal is that the Trial Court did not base its denial of AHAC's motion to intervene on the arguments set out by plaintiff that Helm/AHAC had no right to a lien or claim to the proceeds of any settlement between plaintiff and Scottsdale based on provisions contained in the Scottsdale policy. In fact, the Trial Judge specifically stated that he was not ruling on that issue.

The issues on appeal presented for review, are:

A.  Whether the Trial Court erred in denying Helm/AHAC's motion to intervene pursuant to Tenn. Code Ann. § 50-6-112?

B.  In the event the Court of Appeals finds that the Trial Court abused its discretion by denying as untimely the motion to intervene, should the Trial Court's ruling be affirmed based upon the futility of appellant's claim?

The Tennessee Supreme Court, in *State v. Brown & Williamson Tobacco Corp.*, 18

-6-

S.W.3d 186 (Tenn. 2000), set out the applicable standard of review of a trial court denial of a motion to intervene under either Tenn. R. Civ. P. 24.01, intervention as of right, or Tenn. R. Civ. P. 24.02, permissive intervention. The standard of review on appeal for the denial of a motion to intervene as of right is *de novo*, except for the timeliness of the application which is reviewed under an abuse of discretion standard. *Brown & Williamson* at 191 (citing *Michigan State AFL-CIO,* 103 F.3d 1240, 1245 (6th Cir. 1997)). Also, the standard of review for the denial of permissive intervention is abuse of discretion. *Brown & Williamson* at 191 (citing *Chaille v. Warren,* 635 S.W.2d 700, 703 (Tenn. App.1982)).

An abuse of discretion exists when the reviewing court is firmly convinced that the lower court has made a mistake in that it affirmatively appears that the lower court's decision has no basis in law or in fact and is therefore arbitrary, illogical, or unconscionable. *Brown & Williamson* at 191 (citing *Ballard v. Herzke,* 924 S.W.2d 652, 661 (Tenn.1996); *State v. Carter,* 890 S.W.2d 449, 454 (Tenn. Crim. App.1994)).

It is well settled under Tennessee law that an injured employee subject to workers compensation law, such as Mr. Santander, cannot bring a tort action against his employer, as the workers compensation law provides his sole and exclusive remedy. Tenn. Code Ann. § 50-6-108. A plaintiff who has received workers compensation benefits, is nevertheless entitled to bring suit against the persons or entities that caused his injuries. Tenn. Code Ann. § 50-6-112(a). The employer who paid the workers compensation benefits to plaintiff is given a statutory subrogation lien on any recovery by the employee from the tortfeasor, and the employer may intervene in any action to protect and enforce such lien. Tenn. Code Ann. § 50-6-112(c)(1); *Ryder Integrated Logistics, Inc. v. Aldrich*, No. M2006-00115-COA-R3-CV, 2007 WL 969404 at * 1 (Tenn. Ct. App. Mar. 30, 2007); *Travelers Property Cas. Co. of America v. Unitrac R.R. Materials, Inc.*, No. E2006-02679-COA-R3-CV, 2007 WL 2437960 at * 2 (Tenn. Ct .App. Aug. 29, 2007).

Tenn. Code Ann. § 50-6-112 provides in pertinent parts:

(a) When the injury or death for which compensation is payable under this chapter was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured worker, or the injured worker's dependents, shall have the right to take compensation under this chapter, and the injured worker, or those to whom the injured worker's right of action survives at law, may pursue the injured worker's or their remedy by proper action in a court of competent jurisdiction against the other person.

* * * *

(c)(1) In the event of a recovery against the third person by the worker, or by those to

whom the worker's right of action survives, by judgment, settlement or otherwise, and the employer's maximum liability for workers' compensation under this chapter has been fully or partially paid and discharged, the employer shall have a subrogation lien against the recovery, and the employer may intervene in any action to protect and enforce the lien.

(3) In the event the worker, or those to whom the worker's right of action survives, effects a recovery, and collection of that recovery, from the other person, by judgment, settlement or otherwise, without intervention by the employer, the employer shall nevertheless be entitled to a credit on the employer's future liability for workers' compensation, as it accrues under this chapter, to the extent of the net recovery.

Tenn. Code Ann. § 50-6-112(a) and (c)(1) and (c)(3).

It is undisputed that Helm and its workers' compensation insurance carrier, AHAC, reached a settlement with Mr. Santander of his workers' compensation claim arising from the April 30, 2006 accident in October or November 2008 and that a final order approving the settlement was entered in the workers' compensation case on December 3, 2008. It is further undisputed that the accident and injury giving rise to the workers' compensation suit and resulting settlement were the same accident and injury that are the subject of the tort suit. Under these circumstances, Tenn. Code Ann. § 50-6-212 provides that Helm had a statutory right to a subrogation lien against the recovery, if any, made by Mr. Santander against a third party in a tort action and that the employer had a choice to either protect that lien by intervening in the tort action or to wait until the conclusion of the tort suit and to then seek to enforce the lien against a judgment, settlement or other proceeds from the tort action. Here, Helm/AHAC sought to protect and enforce its statutory lien by intervening in the tort suit.

Because the employer's right to intervene in the tort suit to protect its subrogation lien was derived from a statute, Tenn. Code Ann. § 50-5-112, the intervention was one of right pursuant to Tenn. R. Civ. P. 24.01, which provides:

Upon timely application anyone shall be permitted to intervene in an action: **(1) when a statute confers an unconditional right to intervene**; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties; or (3) by stipulation of all the parties. (Emphasis added).

At the trial level, plaintiff/appellee did not dispute that Helm/AHAC had the right to intervene under Tenn. Code Ann. § 50-5-112 but disputed the timeliness of filing of the motion to intervene on February 17, 2009 based on the fact that the tort suit had been pending since January 2007 and on the proximity of the filing of the motion to the settlement agreement reached between plaintiff and Scottsdale in late 2008.

This Court, in *American Materials Technologies, LLC v. City of Chattanooga,* 42 S.W.3d 914 (Tenn. Ct. App. 2000), addressed the factors a court should consider when considering whether a motion to intervene is timely under Tenn. R. Civ. P. 24.01 or 24.02. The Court stated that the timeliness of an intervention is governed by equitable principles, and is determined by the facts and circumstances of each particular case. In determining whether an intervention is timely, courts consider the following factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervener knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervener's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*American Materials* at 916 (citing *Velsicol Chemical Corp. v. Enenco, Inc.*, 9 F.3d 524, 531 (6th Cir.1993); *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir.1984)).

An application of the facts and circumstances in this case militate against the Trial Court's dismissal of appellant's motion to intervene. First, the case had not been tried and had not reached the point of final judgment. Although plaintiff and Scottsdale claim to have reached a settlement in principle, no order approving the settlement had been entered nor had the parties even filed a motion for such an order.

Second, the purpose of filing the motion to intervene on February 17, 2009 was to protect the statutory subrogation lien, which Helm/AHAC had just learned was being challenged by both plaintiff and Scottsdale. Plaintiff and Helm/AHAC had reached an settlement agreement in October or November 2008. A final order of approval of the settlement of the workers' compensation suit was entered in the beginning of December 2008. Prior to the final order, but after the parties had agreed to the terms of the settlement, counsel for Helm/AHAC put plaintiff's counsel on written notice of the pending settlement

and also of the employer's subrogation lien on the proceeds of the tort suit. [2] Helm/AHAC claims that it fully expected that counsel for plaintiff would fulfill his duty to protect the lien at that time as the employer was not a party to the tort suit and, thus unrepresented in the action. Our Supreme Court has recognized that the legislature intended Tenn. Code Ann. § 50-6-112 to impose an implied duty upon the part of the employee's attorney to recognize the employer's lien, when known to him, and when no other attorney represents the employer's subrogation interest, in the event of a recovery by "judgment, settlement or otherwise" and to disburse the proceeds of such recovery in accord with the rights of all parties declared therein. *Aetna Cas. & Sur. Co. v. Gilreath* 625 S.W.2d 269, 274 -275 (Tenn. 1981). Accordingly, Helm/AHAC was justified in relying on plaintiff's counsel to protect its subrogation interest in the tort suit at the time the workers' compensation suit was settled. When the employer became aware on February 9, 2009 that plaintiff disputed the validity of the subrogation lien, it filed the motion to intervene to protect and litigate that interest just eight days later. In fact, Helm/AHAC claims that it delayed filing the motion for eight days because it initially tried to get the parties to the tort suit to consent to the intervention. When consent was not provided, Helm/AHAC filed its motion to intervene to protect its statutory rights.

The third factor provided by *American Materials* is the length of time the proposed intervener knew or should have known of its interest in the tort case. While the tort suit was filed in January 2007 and the workers' compensation suit was filed in October, 2007, it is unclear from the record when the employer became aware of the existence of the tort suit. What is clear is that the employer was not aware of the monetary extent of its interest in the proceeds of the tort suit until December 2008 when the workers' compensation suit was settled. The Trial Court agreed with plaintiff's position that Helm should have intervened earlier, however, neither the Trial Court nor plaintiff articulated how an earlier intervention would have changed the course of the litigation or benefitted any party. Clearly, Helm could not have negotiated the extent of its lien until the workers' compensation suit was settled. In fact unnamed defendant Scottsdale stated in its motion that until the workers' compensation suit was finalized "this case involving UM/UIM benefits cannot go forward". Accordingly, the length of time that passed from when Helm knew of the tort suit and when it filed its motion to intervene is not material under the facts of this case. What is material is the length of time from the settlement of the workers' compensation suit when the amount of the lien could be determined and the filing of the motion to intervene. While, over two months elapsed from the entry of the approval of the settlement and the filing of the motion to intervene, Helm was reasonably relying on plaintiff's attorney to protect its subrogation rights, making intervention unnecessary. Once Helm was put on notice that plaintiff disputed the lien it attempted to get consent from the parties to intervene and upon failure to do so, the

---

[2] This letter is not in the record. However, counsel for plaintiff has not disputed its existence.

motion was filed. Based on the facts and circumstances of this matter, the timing of the filing of the motion to intervene was reasonable.

The fourth factor for consideration is the extent, if any, of prejudice to the parties to the tort suit caused by Helm's intervention in February 2009. There was no clear prejudice. The parties had reached a settlement agreement but no final judgment had been entered. If Helm had not attempted to intervene and the settlement had been approved, Helm would have simply filed a suit to litigate its subrogation interest in the proceeds of the settlement. Thus all parties would have incurred additional expense, much as they would have incurred had the intervention been allowed. How this outcome would have been more beneficial than litigating the lien interest within the context of the underlying tort suit and before a trial court already familiar with the case is not apparent.

The fifth factor provided by *American Materials* is whether there are unusual circumstances that militate for or against the intervention. As discussed above, the fact that Helm had the absolute right to sue in a separate suit to enforce its subrogation lien militates against the Trial Courts' denial of the motion to intervene. There no clear rational to support forcing Helm to file a separate suit to enforce its lien, nor did the Trial Court provide one.

Based on the foregoing analysis, the Trial Court's denial of the motion to intervene has no basis in law or fact. *See Brown & Williamson* at 191(citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn.1996)).

Finally, appellee contends that if the Court concludes that the Trial Court erred when it denied Helm's motion to intervene, this Court should affirm the Trial Court's ruling anyway because appellant cannot prevail on its subrogation lien claim. While this issue was argued at the lower Court, the Trial Court clearly declined to rule on the issue as it was premature as it concerned the underlying insurance coverage issues of the tort suit. Since the Trial Court refused to rule on the issue, we cannot determine the merits of the issue on this appeal, and the issue on remand will be whether intervenor had a valid subrogation lien against the recovery.

We reverse the Judgment of the Trial Court and remand for further proceedings consistent with this Opinion. The cost of the appeal is assessed to Eduardo Santander.

_____
HERSCHEL PICKENS FRANKS, P.J.