ALBERT EDMUNDSON, JR. *v.* COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK AND MRS. CHRISTINE JONES

5-5353                                    459 S. W. 2d 112

Opinion delivered November 2, 1970

*H. Clay Robinson,* for appellant.

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellees.

J. Fred Jones, Justice. This is an appeal by Albert Edmundson, Jr. from a judgment of the Pulaski County Circuit Court in favor of Commercial Union Insurance Company of New York in a suit by Edmundson on an uninsured motorist insurance policy issued to him by Commercial.

While in the course of his employment by the Arkansas Employment Security Division, Mr. Edmundson sustained injuries in an automobile collision with a Mrs. Jones who was an uninsured motorist. Mr. Edmundson's insurance policy was limited in coverage to $10,000 and $1,000 of this amount was voluntarily paid by Commercial on medical. The policy contained a provision as follows:

> "(b)   Any amount payable under the terms of this Part because of bodily injury sustained in an accident by a person who is an insured under this Part shall be reduced by . . .

> (2)   the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law."

The trial court, sitting as a jury, found that Mr. Edmundson had received workmen's compensation payments from the State of Arkansas in excess of the policy limits; that the policy was issued and delivered prior to the effective date of the uninsured motorist law, Act 464 of 1965, (Ark. Stat. Ann. §§ 66-4003—4006 [Repl. 1966]), and that Mr. Edmundson was barred from recovery under our decision in *MFA Mutual Ins. Co.* v. *McKinley,*

245 Ark. 326, 432 S. W. 2d 484. Mr. Edmundson relies on the following points for reversal:

"The trial court erred in holding that clause IV (Limits of Liability) (b) (2) of the insurance policy bars a recovery by the plaintiff because the effect of that clause is to reduce the damages and not the policy limit by the amount of payments from Workmen's Compensation.

The trial court erred in holding that clause IV (Limits of Liability) (b) (2) bars a recovery by the plaintiff because the payments received by the plaintiff were not under any Workmen's Compensation law.

The trial court erred in holding that clause IV (Limits of Liability) (b) (2) of the insurance policy bars a recovery by the plaintiff because the clause is void as against public policy."

Under point one Mr. Edmundson argues that his proven damages exceeded $18,046.61, and that this court should adopt the view of the Michigan Court as announced in *Michigan Mutual Liability Co. v. Mesner,* 139 N. W. 2d 913, where an insurance policy provided "any loss payable under the terms of this Part to or for any person shall be reduced by the amount paid and the present value of all amounts payable to him under any workmen's compensation law," and the court held that the liability of the company is to be computed on the value of the insured's *loss,* less the amount received from the workmen's compensation carrier and in no event to exceed $10,000.

We are unable to apply such construction to the plain words of the contract in the case at bar. It is not the *loss* payable that is to be reduced under Mr. Edmundson's contract, it is the *amount* payable that is to be reduced. The Michigan court applied what is considered to be the "understanding of the ordinary person" in the *Mesner* case and so do we in the case at

bar. The amount payable could only mean the amount the insurance company is obligated to pay under the terms of the policy.

We find no merit in Mr. Edmundson's second point. He admits in his brief that "clearly awards made pursuant to § 13-1407 (Ark. Stat. Ann. § 13-1407 [Repl. 1968]) are like workmen's compensation," but he argues that they are not workmen's compensation as such. Mr. Edmundson overlooks the fact that the reduction under (b) (2) of the policy is not limited to workmen's compensation law as such, but includes also "disability benefits law or any similar law." The law under which Mr. Edmundson was paid, § 13-1407, supra, was certainly similar to a workmen's compensation law. In fact, and in practice, it is a workmen's compensation law in so far as state employees are concerned.

We find no error in the trial court's disposition of the case under Mr. Edmundson's third point. We agree that the reduction clause in the insurance contract was not against public policy when it was entered into and that the contract was consummated prior to the enactment of the uninsured motorist law, which became effective on June 18, 1965, and which had no retroactive effect on the contract. (*MFA Mutual Ins. Co.* v. *McKinley, supra*).

The judgment is affirmed.