Alice M. KLEINHEIDER, Terry J. Kleinheider, Alice M. Kleinheider as guardian of Kevin L. Kleinheider, Lisa K. Penn and Mark J. Kleinheider, Appellants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY OF WISCONSIN, Respondent.

No. 58405.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 19, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 26, 1991.

Application to Transfer Denied May 3, 1991.

John D. Anderson, St. Louis, for appellants.

Edward J. Bippen, St. Louis, for respondent.

CRIST, Judge.

All parties appeal from a summary judgment which ordered American Family to pay $75,000 in costs to the widow and children of Clarence Kleinheider, deceased. The widow and children sought to obtain $100,000 in underinsured motorist coverage from American Family as compensation for the wrongful death of Clarence Kleinheider. American Family proffers it did not owe the $75,000, and the widow and children assert they were entitled to $100,000. We affirm in part and reverse and remand in part.

The summary judgment action underlying this appeal arises out of a motor vehicle collision which occurred in the state of Missouri on June 18, 1985. On that date, there was in force and effect a policy of insurance issued by American Family to Clarence W. Kleinheider, decedent, an employee of Missouri Pacific Railroad. Said policy of insurance included underinsured motorist coverage in the amount of $100,000 per person.

On July 18, 1985, a three-vehicle collision occurred between a vehicle being driven by one Kevin Winchester, the uninsured motorist; a truck belonging to Admiral Merchants Freight and driven by Marvin Gallert; and a vehicle owned and driven by an employee of Missouri Pacific Railroad in which Clarence W. Kleinheider was a passenger. Clarence Kleinheider was killed as a result of the collision. He was on the job at the time of the collision.

The widow and children brought an action for wrongful death against Missouri Pacific Railroad, the guardian ad litem of Kevin Winchester, Admiral Merchants Freight and Marvin F. Gallert for damages.

The action against Missouri Pacific Railroad was brought under the terms of the Federal Employers' Liability Act (FELA). The actions against Winchester, Admiral Merchants Freight and Marvin F. Gallert

were negligence actions. Wife and children also alleged a breach of contract against American Family relating to the aforementioned policy of automobile insurance in the underinsured motorist coverage purchased by Clarence Kleinheider.

The trial began on October 30, 1989. The widow's and children's FELA action against Missouri Pacific Railroad was compromised and settled for $500,000. The trial court sustained a motion for summary judgment in favor of Marvin Gallert and Admiral Merchants Freight. A consent judgment was entered against the guardian ad litem for Kevin Winchester, deceased, in the amount of $1,025,000. However, that settlement was with the stipulation the widow and children would not try to collect more than $25,000 from Kevin Winchester's insurance company or from his estate.

Widow's and children's motion for summary judgment against American Family was sustained in part and denied in part. The trial court allowed a setoff for the $25,000 paid by Kevin Winchester's insurance company. The court denied American Family's request for a setoff for the amounts received from Missouri Pacific Railroad under FELA.

American Family's policy of insurance contained the following provisions in the underinsured endorsement:

> LIMITS OF LIABILITY: We will pay no more than these maximums no matter how many vehicles are described in the declarations, insured persons, claims, claimants or policy or vehicles are involved in the accident. Any amounts payable will be reduced by ... 3. A payment or amount payable because of bodily injury under any Workers' Compensation or disability benefits law or any similar law.

### AMERICAN FAMILY'S APPEAL

■ American Family asserts it did not have to pay anything to the widow and children because of the limitation of liability clause in the insurance policy providing "any amounts payable will be reduced by ... a payment made or amount payable because of bodily injury under any Work-

ers' Compensation or disability benefits law *or any similar law."* (Emphasis ours.)

A recovery under a FELA claim is not similar to a recovery under a workers' compensation claim. In a FELA claim, an employee must prove the negligence of the employer caused the employee's injury in order to recover. 45 U.S.C.A. § 51; *see also Richardson v. Missouri Pac. R. Co.*, 677 F.2d 663, 665 [1, 2] (Cir.8.1982) (an employee's prima facie case under FELA must include all the same elements as are found in a common law negligence action). This is clearly distinguishable from an employee's recovery under workers' compensation. Under the Missouri Workers' Compensation Act an employee can pursue his claim by filing a petition with the Division of Workers' Compensation. Thereafter, the issues to be determined are the nature and extent of an employee's injuries and whether the employee was injured in the course and scope of his employment. Chapter 287, RSMo (1986); *see also Hawkins v. Emerson Elec. Co.*, 676 S.W.2d 872, 877 [1] (Mo.App.1984); and *Kelly v. Sohio Chemical Co.*, 392 S.W.2d 255, 257 [3] (Mo. banc 1965). Because recovery under a FELA claim does not fall within the limiting provision in the policy, American Family's point is denied.

### WIDOW'S AND CHILDREN'S APPEAL

■ Widow and children assert a $25,000 deduction was erroneous in that no such reduction is required under the policy. We agree. *Tegtmeyer v. Snellen*, 791 S.W.2d 737, 741 (Mo.App.1990), defined underinsurance coverage:

> [u]nderinsurance coverage should mean payment for a loss that exceeds the recovery from the other negligent driver, *up to the limit of the insured's policy.* This court, as a matter of public policy, adopts this definition. It will give what a purchaser would reasonably expect, a certain sum of money over what was recovered from the tortfeasor.... Any other interpretation of the policy would render this coverage meaningless.

(Citation omitted.) (Emphasis ours.)

Here, a consent judgment was entered against the underinsured in the amount of $1,025,000. Widow and children only recovered $25,000 from the underinsured. Thus, they are entitled to recover $100,000, the full amount of the underinsurance policy coverage through American Family. *Tegtmeyer*, 791 S.W.2d at 741.

Judgment is affirmed in part and reversed and remanded in part to allow the trial court to enter a judgment ordering American Family to pay widow and children $100,000.

GARY M. GAERTNER, P.J., and SIMON, J., concur.