# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
February 23, 2007 Session heard at Madisonville[1]

## TERESA D. SHERLIN v. SANDRA G. HALL

**Appeal from the Circuit Court for Bradley County**
**No. V-99-912    John B. Hagler, Jr., Judge**

---

**No. E2005-2745-COA-R3-CV - FILED APRIL 10, 2007**

---

Teresa D. Sherlin ("Plaintiff") sued Sandra G. Hall in the Circuit Court for Bradley County ("Trial Court") seeking compensation for personal injuries and property damage sustained when a vehicle driven by Ms. Hall collided head-on with a vehicle being driven by Plaintiff while Plaintiff was acting in the course and scope of her employment. At the time of the accident, Ms. Hall did not have a driver's license and was an uninsured motorist. Plaintiff's uninsured/underinsured motorist carrier, Farmers Insurance Exchange ("Farmers"), answered Plaintiff's complaint and filed a motion for summary judgment. The Trial Court granted Farmers summary judgment finding and holding, *inter alia*, that Plaintiff was receiving workers' compensation benefits, these workers' compensation benefits exceeded the limits of liability of Plaintiff's uninsured motorist policy, and because the limits of liability of the uninsured motorist policy are reduced by the amount of the workers' compensation benefits pursuant to the insurance policy, Farmers had no liability to Plaintiff. Plaintiff appeals to this Court. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

James F. Logan, Jr., Cleveland, Tennessee for the Appellant, Teresa D. Sherlin.

Parks T. Chastain and Michael K. Smith, Nashville, Tennessee for the Appellee, Farmers Insurance Exchange.

---

[1]Oral argument was heard in this case on February 23, 2007, in Madisonville, Tennessee as part of the Court's C.A.S.E. (**C**ourt of **A**ppeals **A**ffecting **S**tudent **E**ducation) project.

# OPINION

## Background

In October of 1998, a vehicle being driven by Plaintiff while in the course and scope of her employment was struck head-on by a vehicle driven by Ms. Hall. Ms. Hall did not have a driver's license, was an uninsured motorist, and admitted in an affidavit that she "failed to yield the right of way to [Plaintiff]." Plaintiff sued Ms. Hall and, pursuant to Tenn. Code Ann. § 56-7-1206, served process upon Plaintiff's uninsured/underinsured motorist carrier, Farmers. Plaintiff also filed a separate lawsuit seeking workers' compensation benefits in the Chancery Court for Bradley County. Farmers answered the complaint against Ms. Hall and filed a motion for partial summary judgment as to the issue of the amount of uninsured motorist insurance coverage available to Plaintiff.

The motorist insurance policy issued to Plaintiff by Farmers provides, in pertinent part:

**Limits of Liability**
The limits of liability shown in the Declarations apply subject to the following:

\* \* \*

4. The amount of Uninsured Motorist Coverage we will pay shall be reduced by the amount of any Workers' Compensation benefits payable or paid in the same **accident** to an **insured person**.

The Trial Court granted Farmers partial summary judgment and found that the workers' compensation suit still was pending. The Trial Court held that further proceedings in Plaintiff's case against Ms. Hall would await final resolution of the workers' compensation action.

In December of 2004, the Chancery Court for Bradley County entered a judgment in Plaintiff's workers' compensation action finding and holding, *inter alia*, that Plaintiff suffered and sustained severe injuries as a result of the accident that occurred while Plaintiff was acting within the course and scope of her employment, and that Plaintiff was entitled to a judgment against her employer on her worker's compensation claim.

After further hearings on Farmers' motion for summary judgment and Plaintiff's motion to require Farmers to be held liable for the sum of $100,000, the Trial Court entered an order November 7, 2005, finding and holding, *inter alia*, that the limits of liability of Plaintiff's motorist policy are $100,000.00; Ms. Hall was discharged by bankruptcy; the Trial Court had previously granted Farmers partial summary judgment holding that "the limits of liability of the uninsured motorist policy at issue in this case shall be reduced, dollar for dollar, by the amount of any workers'

compensation benefits payable or paid to Plaintiff…;" and, because the amount of workers' compensation benefits paid to Plaintiff exceeded the limits of Plaintiff's motorist policy, Farmers had no liability to Plaintiff. The November 7, 2005, order dismissed Farmers from the case and also dismissed Plaintiff's claims against Ms. Hall because Ms. Hall had been discharged by bankruptcy. Plaintiff appeals to this Court.

## Discussion

Although not stated exactly as such, Plaintiff raises one issue on appeal, whether the Trial Court erred in holding that Farmers was entitled to offset its policy limits by the amount of workers' compensation benefits paid or payable to Plaintiff, and based upon this holding granting summary judgment to Farmers.

In *Teter v. Republic Parking System, Inc.*, 181 S.W.3d 330 (Tenn. 2005), our Supreme Court reiterated the standards applicable when appellate courts are reviewing a motion for summary judgment. The Court stated:

> The purpose of summary judgment is to resolve controlling issues of law rather than to find facts or resolve disputed issues of fact. *Bellamy v. Fed. Express Corp.*, 749 S.W.2d 31, 33 (Tenn. 1988). Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). In reviewing the record, the appellate court must view all the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of the non-moving party. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). And because this inquiry involves a question of law only, the standard of review is de novo with no presumption of correctness attached to the trial court's conclusions. *See Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

*Teter*, 181 S.W.3d at 337.

As pertinent to this appeal, Tenn. Code Ann. § 56-7-1205, provides:

> **56-7-1205. Minimum policy limits not increased.** – Nothing contained in this part shall be construed as requiring the forms of coverage provided pursuant to this part, whether alone or in combination with similar coverage afforded under other automobile liability policies, to afford limits in excess of those that would be afforded had the insured thereunder been involved in an accident with a motorist who was insured under a policy of liability insurance with the minimum limits described in § 55-12-107, or the uninsured motorist liability limits of the insured's policy if

such limits are higher than the limits described in § 55-12-107. Such forms of coverage may include such terms, exclusions, limitations, conditions, and offsets, which are designed to avoid duplication of insurance and other benefits.

Tenn. Code Ann. § 56-7-1205 (2000).

Our Supreme Court construed our uninsured motor vehicle coverage statutes[2] in *Terry v. Aetna Cas. & Sur. Co.*[3], instructing:

It results, and we so hold, by enactment of T.C.A. § 56-1152 as a section of our uninsured motorist statutes, it is the legislative purpose to provide an insured motorist a right of recovery under the uninsured motorist provisions of his policy only up to the statutory required minimum (T.C.A. § 56-1148), and provisions in such policies, approved by the Commissioner of Insurance, operating to reduce such coverage where other coverage or benefits are available to the insured arising from accident causing the loss, are valid if such provisions do not operate to deny payments to an insured of less than the statutory minimum.

*Terry v. Aetna Cas. & Sur. Co.*, 510 S.W.2d 509, 513-14 (Tenn. 1974).

This Court relied upon *Terry* in holding in *Dwight v. Tennessee Farmers Mut. Ins. Co.* that the uninsured motorist insurer was entitled to set off the amount of workers' compensation benefits available to the plaintiff despite the fact that the plaintiff had chosen not to pursue workers' compensation benefits and the time for plaintiff to pursue the workers' compensation benefits had expired. *Dwight v. Tennessee Farmers Mut. Ins. Co.*, 701 S.W.2d 621, 622 (Tenn. Ct. App. 1985).

Our Supreme Court discussed *Terry* and *Dwight* in *Hudson v. Hudson Mun. Contractors, Inc.*, and reiterated:

Under the holdings in *Terry v. Aetna Cas. & Sur. Co.* and *Dwight v. Tennessee Farmers Mut. Ins. Co.*, it is clear that an insured party's right to recover under an uninsured motorist policy that contains a setoff provision such as the one involved in this case may be reduced by the amount that the insured has collected, or could collect, under the Workers' Compensation Law.

*Hudson v. Hudson Mun. Contractors, Inc.*, 898 S.W.2d 187, 189 (Tenn. 1995).

---

[2]T.C.A. § 56-1152, currently is codified at Tenn. Code Ann. § 56-7-1205,and T.C.A. § 56-1148, currently is codified at Tenn. Code Ann. § 56-7-1201.

[3]*Terry v. Aetna Cas. and Sur. Co.* has been superceded in part by amendments to Tenn. Code Ann. § 56-7-1201. *See, Albin v. Memphis*, 1998 Tenn. App. LEXIS 537, at *5 (Tenn. Ct. App. Aug. 24, 1998), *no appl. perm. appeal filed*; *Weir v. Glens Falls Ins. Co.*, 1987 Tenn. App. LEXIS 2808, at *11 (Tenn. Ct. App. July 16, 1987), *no appl. perm. appeal filed*. These statutory amendments have no effect upon the issue involved in this appeal.

In 2002, in *Poper v. Rollins*, our Supreme Court discussed *Terry* in light of the comparative fault principles that the Supreme Court adopted in *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992), stating:

> Our decision in *McIntyre* did not address the specific provisions of Tennessee's uninsured motorist statute. Prior to the adoption of comparative fault, however, we construed Tennessee's uninsured motorist statute in *Terry v. Aetna Casualty and Surety Co.*, 510 S.W.2d 509 (Tenn. 1974), and *State Auto. Mutual Insurance Co. v. Cummings*, 519 S.W.2d 773 (Tenn. 1975). In *Terry*, this Court discussed the two general types of uninsured motorist statutes - those providing broad coverage and those providing only limited coverage. In a "broad coverage" jurisdiction, the insured plaintiff may recover up to the policy limits so long as the sum of plaintiff's recovery under the uninsured motorist coverage and any other payments do not exceed the insured's actual damages. Such coverage does not allow offsets which limit the insured plaintiff's full damage recovery. In contrast, a "limited coverage" jurisdiction allows the insured plaintiff to collect damages only up to a statutory minimum notwithstanding the actual damages. In such a jurisdiction, *all* sums collected can be credited towards reaching the statutory minimum. *Terry*, 510 S.W.2d at 513. We found that Tennessee's statute falls within the limited coverage category and held that the specific purpose of the statute is "to provide an insured a right of recovery under the uninsured motorist provisions of his policy only up to the statutory required minimum…." *Id*.

> * * *

> Accordingly, Poper's argument that Tenn. Code Ann. § 56-7-1201(d) provides broad coverage for the insured and that adherence to *McIntyre* requires that he receive payments up to his actual damages even if the total exceeds the statutory minimum, conflicts with the limited language of the statute and its narrow purpose as described in *Terry* and reinforced in *Cummings*. We therefore conclude that Tenn. Code Ann. § 56-7-1201(d) is not affected by the principles of comparative fault outlined in *McIntyre*.

*Poper v. Rollins*, 90 S.W.3d 682, 686-87 (Tenn. 2002) (emphasis in original).

Our discussion is by no means exhaustive on the subject, but rather is intended to show that the law in Tennessee is well-settled on the issue involved in this appeal. Although our Supreme Court has not dealt directly with the issue as raised in this appeal in many years, the Supreme Court has reiterated its holding in *Terry* numerous times and has done so in recent years. It is clear that *Terry* still is the law in Tennessee as to the issue raised in this appeal.

Plaintiff recognizes that the law is as discussed, but argues that this Court should revisit the issue, re-evaluate Tenn. Code Ann. § 56-7-1205, depart from the current rule, and fashion

a new rule that would allow for setoff only to avoid duplication of benefits. In support of her argument advocating change, Plaintiff cites, among other things, *Broadwell v. Holmes*, and quotes:

> This Court has a continuing duty to consider whether the common-law, as created and developed through case law, is obsolete. "'[W]e abdicate our own function, in a field peculiarly non-statutory, when we refuse to consider an old and court made rule.'" *Hanover v. Ruch*, 809 S.W.2d 893, 896 (Tenn.), *cert. denied*, – U.S. –, 112 S.Ct. 381, 116 L.Ed.2d 332 (1991) (quoting *Kilbourne v. Hanzelik*, 648 S.W.2d 932, 934 (Tenn. 1983)[)].

*Broadwell v. Holmes*, 871 S.W.2d 471, 473 (Tenn. 1994). Plaintiff fails to acknowledge, however, that *Broadwell* is inapplicable in this situation because the issue at hand is governed not just by case law, but also by statute.

As this Court stated in *English v. Pretti*:

> [T]he holding of *Terry* clearly remains the law of this state. We additionally note that the legislature has had nearly thirty years to revise the statute in light of the supreme court's holding in *Terry*, and has declined to do so. In the absence of a legislative directive, the holding of the supreme court is controlling precedent which may not be disturbed by this Court.

*English v. Pretti*, No.W2001-01657-COA-R3-CV, 2002 Tenn. App. LEXIS 752, at *15 (Tenn. Ct. App. Oct. 24, 2002), *Rule 11 appeal voluntarily dismissed April 11, 2003*. Such a change in this settled law as requested by Plaintiff must come, if at all, from a source other than this intermediate appellate court.

In the case now before us, Plaintiff's motorist policy contains a clear and unambiguous provisions that states: "The amount of Uninsured Motorist Coverage we will pay shall be reduced by the amount of any Workers' Compensation benefits payable or paid in the same accident to an insured person." (emphasis deleted). The record on appeal shows that Plaintiff has received or is entitled to receive workers' compensation benefits in excess of the limits of liability of her uninsured motorist policy. There are no genuine issues of material fact and, under the law as it exists, Farmers is entitled to summary judgment as a matter of law. Given this, we affirm the Trial Court's November 7, 2005, order.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Teresa D. Sherlin, and her surety.

_____
D. MICHAEL SWINEY, JUDGE