IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 17, 2011 Session

# PAUL VINCENT GIANNINI
v.
# AMANDA PROFFITT

**Appeal from the Circuit Court of Shelby County**
**No. CT-00424308   James F. Russell, Judge**

**No. W2011-00342-COA-R3-CV - Filed April 27, 2012**

This appeal involves a limitation of liability in an insurance policy. The plaintiff was working in a volunteer capacity for the city.  While doing so, the plaintiff sustained injuries in an accident caused by the negligence of the defendant.  The plaintiff's medical expenses were paid through the city's on-the-job-injury program. The plaintiff had uninsured motorist coverage under his insurance policy with the appellee insurance company.  The appellee insurance company denied the plaintiff's claim based on language in the policy reducing the insurance company's liability by sums paid under laws similar to workers' compensation laws.  The insurance company asserted that the city's on-the-job-injury program was similar to workers' compensation.  The plaintiff filed this lawsuit, and the plaintiff and the insurance company filed cross-motions for summary judgment on the issue of coverage.  The trial court granted summary judgment in favor of the insurance company, finding that the plaintiff's benefits under the city's on-the-job-injury program were similar to workers' compensation. The plaintiff now appeals.  We affirm the grant of summary judgment, for the reason stated by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Bradley C. Ball, Lakeland, Tennessee for Plaintiff/Appellant, Paul Vincent Giannini

William M. Jeter, Memphis, Tennessee for Defendant/Appellee, SafeCo Insurance Company of Illinois

**OPINION**

**FACTS AND PROCEEDINGS BELOW**

On September 15, 2007, Plaintiff/Appellant Paul Vincent Giannini ("Giannini") was working in an unpaid volunteer capacity as a reserve police officer with the City of Memphis, directing traffic at an intersection. While doing so, Giannini was struck by the Honda Accord driven by Defendant, Amanda L. Proffitt ("Proffitt"). Giannini sustained serious injuries in the accident, ultimately incurring over $300,000 in medical expenses.

The City of Memphis ("City") is not covered by the Tennessee Workers' Compensation Act. Instead, it adopted an "on-the-job injury" ("OJI") program to compensate injured workers. The OJI program provides coverage for medical expenses and lost wages for City employees who suffer injury, death, or occupational disease during the performance of their jobs. Giannini's injury was covered by the City's OJI program, which paid approximately $324,000 toward his medical expenses. The record does not indicate that Giannini received any other benefits, such as lost wages, presumably because at the time of his injury, he was working for the City in an unpaid and/or temporary position.[1]

At the time of the accident, Proffitt had a liability insurance policy with insurance carrier Progressive Auto Insurance Company ("Progressive"). The Progressive policy had limits of $25,000.

Additionally, Giannini had his own insurance policy with the unnamed Defendant, Appellee SafeCo Insurance Company of Illinois ("SafeCo"). The SafeCo policy included uninsured/underinsured motorist coverage, with a policy limit of $100,000. In due course, Giannini filed a claim under the SafeCo policy.

On June 16, 2008, SafeCo denied coverage to Giannini. SafeCo noted that its underinsured motorist policy limit was $100,000, and Giannini had received payments of over $300,000 for his medical expenses under the City's OJI program. SafeCo took the position that any available coverage that Giannini would have had under the SafeCo policy would be reduced

---

[1]The City's OJI policy does not cover lost wages for temporary employees; they are eligible for medical expense benefits only.

-2-

by the OJI benefits Giannini received. SafeCo relied on a limitation of liability in Part C of the SafeCo Policy entitled "Uninsured Motorist Coverage." This provision states:

> LIMIT OF LIABILITY
>  . . .
> C. The limit of liability shall be reduced by all sums:
> * * *
> 2. Paid or payable because of the bodily injury under any of the following or similar law:
> > a. workers' compensation law;

SafeCo took the position that Giannini had received payment because of his injury under "workers' compensation law" or a "similar law," namely, the City's OJI program. As the OJI benefits exceeded the SafeCo policy limit, SafeCo maintained that it was not liable to Giannini.

On August 29, 2008, Giannini filed this lawsuit against Proffitt, with SafeCo as an unnamed defendant. In its answer denying liability, SafeCo asserted that "after offsetting the coverage that is available to [Proffitt], and those payments made by the City of Memphis, made under the City of Memphis Workers' Compensations Law or similar law including disability benefits, any and all limits that may be applicable under this policy would be exhausted."

Thereafter, Progressive tendered its policy limit of $25,000 to Giannini. In exchange, Giannini voluntarily dismissed with prejudice all claims against both Proffitt and Progressive. That left the only remaining disputes between Giannini and SafeCo. The trial court entered an order severing the issue of SafeCo's coverage from issues concerning the nature and extent of Giannini's personal injuries.

After the issue of coverage was severed, Giannini filed a motion for summary judgment against SafeCo as to coverage. The motion asserted that SafeCo is contractually obligated to pay Giannini the difference between the $100,000 face value of the policy and the $25,000 Giannini received from Progressive. Giannini contended that the OJI benefits paid for his medical expenses did not affect SafeCo's liability. SafeCo filed a response denying that Giannini was entitled to summary judgment.

SafeCo then filed a cross-motion for summary judgment, based on the limitations of liability policy provision cited above. SafeCo also filed a statement of material undisputed facts in support of its motion. Both parties took the position that there are no material disputed facts relevant to the cross-motions for summary judgment on coverage.

On December 15, 2010, the trial court entered an order granting summary judgment in favor of SafeCo and denying Giannini's motion for summary judgment. The trial court found "that under the same terms and conditions of the policy the limit of liability shall be reduced by all sums paid because of the bodily injury under a similar law of workers' compensation law" and that "the City of Memphis On-The-Job Injury Policy is in fact a similar law to workers' compensation." On this basis, the trial court concluded that "after deducting the medical benefits paid by the City of Memphis, the limit of liability under the underinsured motorist coverage provisions of the policy of insurance offered by [SafeCo] is reduced below the limit and therefore no funds would be payable under the terms and conditions of the [SafeCo] policy."[2]

Giannini now appeals.

### ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Giannini argues that the trial court erred in granting summary judgment in favor of SafeCo.[3]

The parties agree that there are no genuine issues of material facts in dispute. This being the case, we are left with issues regarding the interpretation of the SafeCo insurance policy, which are questions of law. *Wellmont Health Sys. v. Qualls*, No. E2009-00918-COA-R3-CV, 2010 WL 3294112, at *2; 2010 Tenn. App. LEXIS 534, at *5 (Tenn. Ct. App. Aug. 20, 2010) (citing *Angus v. W. Heritage Ins. Co.*, 48 S.W.3d 728, 730 (Tenn. Ct. App. 2000)); *Victoria Ins. Co. v. Hawkins*, 31 S.W.3d 578, 580 (Tenn. Ct. App. 2000). Therefore, we review the trial court's interpretation of the policy language, as well as its grant of summary judgment to SafeCo, *de novo* with no presumption of correctness. *Travelers Indem. Co. of Am. v. Moore & Assocs., Inc.,* 216 S.W.3d 302, 305 (Tenn. 2007) (citing *Allstate Ins. Co. v. Watson*, 195 S.W.3d 609, 611 (Tenn. 2006)). *See also Martin v. Norfolk Southern Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

---

[2]The trial court also held that SafeCo's liability is reduced by Progressive's payment of its $25,000 policy limit. This holding is not disputed on appeal and does not affect our analysis.

[3]We note that Giannini did not appeal the trial court's denial of his cross-motion for summary judgment. Issues must be included in the Statement of Issues Presented for Review in a party's appellate brief, as required by Rule 27(a)(4). *Bunch v. Bunch*, 281 S.W.3d 406, 409 (Tenn. Ct. App. 2008). An issue that is not listed is not before the Court. *Id.* at 410 (quoting *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001)). Therefore, we consider only the trial court's grant of SafeCo's motion for summary judgment.

ANALYSIS

The issue to be decided in this appeal is whether the SafeCo policy should be interpreted to reduce the amount payable under the policy by the $324,000 in benefits received by Giannini from the City's OJI program. The pertinent language at issue is the limit of liability provision of the SafeCo policy:

> C. The limit of liability shall be reduced by all sums:
>
> > \* \* \*
> >
> > 2. Paid or payable because of bodily injury under any of the following or similar law: a) workers' compensation law.[4]

Giannini first appears to make a policy argument, namely, if SafeCo is allowed to reduce its liability by the City's payment of medical expenses, Giannini will be unable to be fully indemnified, which conflicts with the goal of uninsured motorist insurance, which is to compensate an innocent accident victim for his or her injuries.

However, that policy determination has been made by Tennessee's legislature. Tennessee statutes regarding uninsured motorist insurance coverage reflect a "legislative purpose to provide an insured motorist a right of recovery under the uninsured motorists provisions of his policy only up to the statutory required minimum." **_Terry v. Aetna Casualty & Surety Co._**, 510 S.W.2d 509, 513-14 (Tenn. 1974). As noted by SafeCo, Tennessee Code Annotated § 56-7-1205 provides:

> Nothing contained in this part shall be construed as requiring the forms of coverage provided pursuant to this part, whether alone or in combination with similar coverage afforded under other automobile liability policies, to afford limits in excess of those that would be afforded had the insured under the policies been involved in an accident with a motorist who was insured under

---

[4]Another provision in the SafeCo policy refers to payments pursuant to laws similar to workers' compensation:

> G. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:
>
> > 1. Workers' Compensation law. . . .

However, this provision does not appear to be at issue in this appeal, and we do not address it.

a policy of liability insurance with the minimum limits described in § 55-12-107, or the uninsured motorist liability limits of the insured's policy if the limits are higher than the limits described in § 55-12-107. *The forms of coverage may include terms, exclusions, limitations, conditions, and offsets that are designed to avoid duplication of insurance and other benefits.*

Tenn. Code Ann. § 56-7-1205 (2008) (emphasis added). This type of uninsured motorist coverage has been described as "limited coverage." In contrast, some states have "broad coverage" regarding uninsured motorist insurance. The difference between the two types of coverage was discussed by the Tennessee Supreme Court in *Poper v. Rollins*:

> In *Terry*, this Court discussed the two general types of uninsured motorist statutes - those providing broad coverage and those providing only limited coverage. In a "broad coverage" jurisdiction, the insured plaintiff may recover up to the policy limits so long as the sum of plaintiff's recovery under the uninsured motorist coverage and any other payments do not exceed the insured's actual damages. Such coverage does not allow offsets which limit the insured plaintiff's full damage recovery. In contrast, a "limited coverage" jurisdiction allows the insured plaintiff to collect damages only up to a statutory minimum notwithstanding the actual damages. In such a jurisdiction, all sums collected can be credited towards reaching the statutory minimum. We found that Tennessee's statute falls within the limited coverage category and held that the specific purpose of the statute is "to provide an insured a right of recovery under the uninsured motorist provisions of his policy only up to the statutory required minimum. . . ."

*Poper v. Rollins*, 90 S.W.3d 682, 686 (Tenn. 2002) (citing *Terry*, 510 S.W.2d at 513, which addressed the legislative purpose of Tenn. Code Ann. § 56-1152, currently Tenn. Code Ann. § 56-7-1205 ); *see also Sherlin v. Hall*, 237 S.W.3d 647, 651 (Tenn. Ct. App. 2007). Thus, Tennessee statutes specifically permit the type of limitation of liability provision at issue in this appeal.

Giannini also contends that the City's OJI program should not be considered "similar law" to workers' compensation law and therefore the amounts payable pursuant to the SafeCo uninsured motorist policy should not be reduced by the OJI benefits he received. Giannini notes that the City's OJI program provided him only payment of medical expenses, while other compensation frameworks such as workers' compensation and disability benefits laws provide expanded benefits to a claimant. SafeCo argues that the trial court correctly concluded that the City's OJI program is "similar law" to workers' compensation, even though the OJI program paid only for Giannini's medical expenses and not for other losses

such as lost wages. Neither party cites authority from Tennessee or elsewhere for its position.

In Tennessee cases involving disputes under the City's OJI program, appellate opinions have routinely described the OJI program as comparable or similar or analogous to workers' compensation. *Brown v. City of Memphis*, No. 02A01-9803-CV-00069, 1998 WL 742385, at \*3-4; 1998 Tenn. App. LEXIS 705, at \*9-10 (Tenn. Ct. App. Oct. 22, 1998) (finding OJI payments similar to workers' compensation, but OJI program does not shield employer from disability claims); *but see Crawley v. Hamilton Co.*, 193 S.W.3d 453, 455 (Tenn. 2006) (finding that compensation for on-the-job injuries under a city's program arising out of and during the course of employment does not constitute a "fringe benefit" but that "[c]ompensation for an on-the-job injury is intended as a substitute for the worker's lost wages, not as a supplement to those wages."). *See also Tidwell v. City of Memphis*, 193 S.W.3d 555, 557 (Tenn. 2006) (as an alternative to workers' compensation, a city implemented an OJI program to "establish its own administrative procedure to handle benefit applications for work-related injuries."). Moreover, in Tennessee cases involving OJI benefits, the courts have relied on workers' compensation cases for guidance. *See Pittman v. City of Memphis*, No. W2011-00513-COA-R3-CV, 2011 WL 3612246, at \*1, 3; 2011 Tenn. App. LEXIS 448, at \*2, 9 (construing OJI program in the context of workers' compensation cases); *Jackson v. Shelby Co.*, No. W2002-02627-COA-R3-CV, 2003 WL 21756692, at \*1 (Tenn. Ct. App. July 28, 2003) (stating that, where Shelby County's OJI policy is silent, "the policy and practice of Shelby County is to use the Tennessee Workers' Compensation Act as a guide and to operate in substantial compliance with the Act.").

However, while these cases generally refer to the OJI program as similar to workers' compensation, they do not address the issue presented in this appeal, namely, whether the City's OJI program is "similar" under the language in the limitation of liability provision in an uninsured motorist insurance policy such as the SafeCo policy. Therefore, it appears that the primary issue in this appeal is one of first impression in Tennessee.

A few cases from other jurisdictions are instructive.[5] The Arkansas Supreme Court dealt with a similar issue in *Edmundson v. Comm. Union Ins. Co. of New York*, 459 S.W.2d 112 (Ark. 1970). In *Edmundson*, the Arkansas Supreme Court considered language in an uninsured motorist policy identical to the language at issue in this case. The plaintiff had received benefits through a state employee's injury program established by an Arkansas statute. *Id.* at 113-14. Although the program was separate from workers' compensation, the statute gave the Arkansas Workers' Compensation Commission jurisdiction over claims against the State for personal injuries to state employees arising during the course of their employment. The Arkansas Supreme Court held that the statutory program would "certainly [be] similar to a workmen's compensation law. . . [i]n fact, and in practice, it is a workmen's compensation law in so far as state employees are concerned." *Edmundson*, 459 S.W.2d at 114.

Other jurisdictions have compared other types of benefits received by an insured, in the context of a limitation of liability provision similar to the one in the SafeCo policy at issue in this appeal. In general, those courts have looked at the purposes and policies behind the compared benefits, to determine if they were of the same nature as workers' compensation for purposes of the limitation of liability policy provision. *See, e.g., Sisco v. Am. Family Mut. Ins. Co.*, 806 S.W.2d 409, 410-11 (Mo. 1991) (finding retirement benefits are not similar to workers' compensation); *Kleinheider v. Am. Fam. Mut. Ins. Co. of Wisconsin*, 806 S.W.2d 692, 694 (Mo. Ct. App. 1991) (comparing FELA to workers' compensation)); *Phelps v. State Farm Mut. Auto. Ins. Co.,* 917 P.2d 944, 949 (Nev. 1996) (determining that privately purchased disability insurance was not "a similar law" because it was not "of the same kind, class or nature" as workers' compensation, and was not even a "law"); *In re Phelan*, 52 Misc. 2d. 341, 343; 275 N.Y.S.2d 873, 877 (N.Y. Sup. Ct. 1966) (finding "essential differences" between workers' compensation and retirement benefits); *In re Danielewicz*, 50 Misc 2d. 844, 845; 271 N.Y.S.2d 735, 736 (N.Y. Sup. Ct. 1966)

---

[5] Caselaw on this issue is somewhat limited because most states do not allow public employers to opt out of workers' compensation statutes. As of 1999, only Tennessee and Delaware had provisions in their workers' compensation statutes which allowed public employers to choose whether to provide workers' compensation coverage for public employees. *Muhlheim v. Knox County Bd. of Educ.*, 2 S.W.3d 927, 930 (Tenn. 1999). At that time, thirty-nine states covered public employees generally under their workers' compensation statutes; six states covered employees but not officials; workers' compensation in Texas covered county employees, specified highway, state college and university workers, but it permitted cities, towns, and villages to provide their own compensation; and Georgia required coverage when the public employer was either an instrumentality of the state or a corporation. *Muhlheim,* 2 S.W.3d at 930 n.1; *See Crawley v. Hamilton Co.*, 193 S.W.3d 453, 455 (Tenn. 2006) ("It appears that there is scant case law on this particular issue because all other states except Delaware and Tennessee mandate workers' compensation coverage for some or all government employees.")

(differentiating between benefits received based on whether employee contributed toward cost of coverage).

Synthesizing the principles applied in these cases, we compare the City's OJI program to workers' compensation. The City's policy manual describes the "Purpose and Scope" of the OJI program as to "administer payment of medical expenses and lost-time compensation for employees who suffer injury, death, or occupational disease during the performance of their job duties." In comparison, courts have characterized the purpose of Tennessee's workers' compensation law as "to provide compensation for loss of earning power or capacity sustained by workers through injuries in industry." *Rhodes v. Capital City Ins. Co.,* 154 S.W.3d 43, 47 (Tenn. 2004) (quoting *Mathis v. J.L. Forrest & Sons,* 188 Tenn. 128, 130; 216 S.W.2d 967, 967 (Tenn. 1949)). Thus, the primary goal of both is to compensate an employee for injuries suffered on the job.

For the City's OJI program, the employee need not prove the negligence of the City or another City employee to receive benefits. Likewise, Tennessee's workers' compensation statutes "replac[ed] common-law tort remedies with a no-fault system that provides compensation for work-related injuries based on a schedule of benefits" and was "enacted to provide injured employees with a streamlined process to receive compensation for work-related injuries." *Padilla v. Twin City Fire Ins. Co.*, 324 S.W.3d 507, 514 (Tenn. 2010). ("To be entitled to recover the statutory workers' compensation benefits, an employee need only show that his or her injury arose out of and occurred in the course of employment.").

Moreover, neither the OJI program nor workers' compensation requires the employee to contribute to the system in order to be covered by it. *See Phelps,* 917 P.2d at 948-49; *In re Phelan*, 52 Misc. 2d. at 343; 275 N.Y.S.2d at 877. Both require the employee to give prompt notice of an injury in order to receive benefits. *Aetna Casualty & Surety Co. v. Long*, 569 S.W.2d 444, 449 (Tenn. 1978); Tenn Code Ann. § 50-6-201 (2008).

Giannini argues that the OJI program is not similar to workers' compensation because he received OJI payments only for his medical expenses. The record indicates that, at the time of the injury, Giannini was performing services for the City in an unpaid position as a reserve police officer. The record does not indicate whether Giannini would have received benefits for lost wages under the OJI program had he been working in a paid job position at the time of his injury. The City's manual describing the OJI program states that it pay "lost-time compensation" for full-time employees. Based on the record before us, we must hold that the fact that Giannini, as an unpaid worker, did not receive lost wages does not mean that the OJI program is not a "similar law" to workers' compensation.

Overall, considering the purposes and nature of the City's OJI program, we agree with the trial court that the OJI program is a "similar law" to workers' compensation, and the sums paid on Giannini's behalf for his medical expenses under the OJI program would reduce SafeCo's liability under the policy provision at issue. Therefore, we hold that the trial court did not err in granting SafeCo's motion for summary judgment.

## CONCLUSION

The decision of the trial court is affirmed and remanded. Costs on appeal are assessed against Appellant Paul Vincent Giannini and his surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE